UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| JULIANA REIS, | |
| Plaintiff, | Civil Action File No.: |
| v. | **JURY TRIAL DEMANDED** |
| KRISTI L. NOEM, Secretary, Department of Homeland Security (Customs and Border Protection) | |
| Defendant. | |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

### Introduction

1. Plaintiff Juliana Reis is a Brazilian-American U.S. citizen who was received an offer of employment to serve as a Customs and Border Protection Officer for the Defendant Department of Homeland Security ("DHS"), but was denied the job after DHS learned that she practices the Christian Spiritist faith of the União do Vegetal ("UDV") by consuming sacramental ayahuasca tea, which the U.S. Supreme Court held was a constitutionally protected free exercise of religion in *Gonzalez v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418 (2006).

2. Plaintiff asserts claims for religious discrimination and failure to provide reasonable religious accommodation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), under which

1

she seeks back pay, lost wages and economic benefits of employment, compensatory damages for emotional pain and suffering, punitive damages, reinstatement, and reasonable attorney's fees and costs of litigation. Plaintiff also asserts claims for violation of her constitutional right to free exercise of religion both under the Administrative Procedures Act, 5 U.S.C. § 551 et seq. ("APA") and directly under the U.S. Constitution, under which she seeks appropriate injunctive relief and reasonable attorney's fees and costs of litigation.

## Jurisdiction and Venue

3. Plaintiff's claims present federal questions over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4. Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) because the alleged unlawful employment practices occurred here in this judicial district and the Plaintiff would have worked in this judicial district but for the alleged unlawful employment practices.

## Parties

5. Plaintiff Juliana Reis is a citizen of the State of Florida and subjects herself to the jurisdiction of this Court.

6. Ms. Reis was at all relevant times an "applicant" for employment in an executive agency of the U.S. Government under 42 U.S.C. § 2000e-16.

7. Defendant DHS is an agency of the U.S. Government within the meaning of 5 U.S.C. § 105.

8. Ms. Reis is an "aggrieved person" who asserts she was discriminated against by DHS within the meaning of 42 U.S.C. § 2000e-16 and 29 C.F.R. § 1614.105 when DHS withdrew the offer of employment it made to her and denied her consideration for employment and eventual employment as pled below.

9. Ms. Reis is also a "person aggrieved" by the final disposition of her complaint by the U.S. Equal Employment Opportunity Commission within the meaning of 42 U.S.C. § 2000e-16(c).

## Exhaustion of Administrative Remedies

10. Ms. Reis has never been a federal government employee.

11. At the Ms. Reis applied for employment with DHS, she did not know that under 29 C.F.R. § 1614.105(a)(1), an aggrieved person who believes that they have been discriminated against with respect to federal employment must initiate contact with a Counselor within 45 days of the matter alleged to be discriminatory.

12. Ms. Reis also did not know of the 45-day requirement contained in 29 C.F.R. § 1614.105(a)(1) when DHS notified her on April 5, 2021 that it was withdrawing the job offer to Ms. Reis.

13. DHS did not notify Ms. Reis of the 45-day deadline when she was rejected for employment.

14. On April 15, 2021, Ms. Reis submitted to DHS a request for records related to her application for employment with DHS under the Freedom of Information Act, 5 U.S.C. § 552 et seq. ("FOIA").

15. On July 21, 2021, Ms. Reis submitted a request to expedite the processing of her April 15, 2021 FOIA request.

16. On July 26, 2021, DHS denied Ms. Reis's request to expedite the processing of her April 15, 2021 FOIA request.

17. On September 2, 2021, Ms. Reis received records from DHS pursuant to her FOIA request, including a polygraph exam report, which revealed that the offer of employment to her was withdrawn because DHS deemed her admissions about using sacramental ayahuasca tea to be disqualifying.

18. This revelation of the polygraph exam report led Ms. Reis for the first time to believe DHS's actions in withdrawing the job offer was motivated by religious discrimination.

19. After receiving the FOIA response from DHS, Ms. Reis learned that she had 45 days to make contact with an Equal Employment Opportunity Counselor for DHS to initiate a complaint and investigation.

20. Ms. Reis first contacted the Equal Employment Opportunity Counselor for Defendant DHS on September 21, 2021.

21. Ms. Reis's contact with Defendant DHS's Equal Employment Opportunity Counsel was acknowledged on September 24, 2021.

22. On October 22, 2021, Ms. Reis received from DHS the Notice of Right to File a Discrimination Complaint.

23. On November 8, 2021, Ms. Reis filed her complaint against DHS for religious discrimination and failure to provide reasonable religious accommodation.

24. By letter dated February 28, 2022, Defendant accepted for investigation Ms. Reis's complaint of discrimination, explaining that the 45-day timeframe for initiating the complaint was tolled and the complaint considered timely filed because "[t]he record reflects that [Ms. Reis] has not previously held any position in the federal government and has not received any EEO training or notification of the 45-day requirement to initiate an EEOC complaint[.]" *See* Exh. 1.

25. DHS investigated whether Ms. Reis was discriminated against because of her religion when the polygraph examination was terminated on March 30, 2021 and when it withdrew the job offer to Ms. Reis on April 5, 2021.

26. DHS issued a Final Agency Decision on September 7, 2022.

27. Ms. Reis filed her appeal of the Final Agency Decision with the U.S. Equal Employment Opportunity Commission on October 7, 2022.

28. Ms. Reis received the decision of the U.S. Equal Employment Opportunity Commission on May 8, 2025.

5

## Facts

### *Plaintiff and her Constitutionally Protected Religious Practices*

29.     Ms. Reis is Brazilian-American citizen of the United States who was born in Espirito Santo, Brazil and naturalized as a U.S. citizen in 2009.

30.     Plaintiff is a member of the Christian Spiritist religion known as the Centro Espríta Beneficente União do Vegetal, or "UDV."

31.     The UDV originated in Brazil and includes over 21,000 adherents in 11 countries. *See* Centro Espírita Beneficente União do Vegetal in the United States, available at https://udvusa.org/#:~:text=The%20Uni%C3%A3o%20do%20Vegetal%20(UDV,laws%20of%20the%20United%20States (last visited July 4, 2025).

32.     Like the Native American Church in the U.S. which uses the psychotropic drug peyote for religious purposes, the UDV uses a tea called hoasca or ayahuasca, which contains a psychotropic drug, as a religious sacrament. *Gonzalez*, 546 U.S. at 425.

33.     Ayahuasca tea is prepared by brewing two plants together with water, one of which contains dimethyltryptamine (DMT), which is a hallucinogen regulated by Schedule I of the Controlled Substances Act, 21 U.S.C. § 812(c). *Gonzalez*, 546 U.S. at 425.

34. Also like the Native American Church, the UDV enjoys exemption from the Controlled Substances Act for religious use of an otherwise illegal drug. *See Gonzalez*, 546 U.S. 418 (upholding an injunction preventing the federal government's enforcement of the Controlled Substances Act against the UDV's importation and use of ayahuasca because it would violate the Religious Freedom Restoration Act of 1993).

35. Ms. Reis has been a member of the UDV for over ten years.

36. At all relevant times, Ms. Reis's congregation was located in Boca Raton, Florida and met biweekly, usually on the first and third Saturdays of the month, although it sometimes held extra services.

37. Like the other members of the UDV, Ms. Reis participates in the sacramental use of ayahuasca when she attends UDV services.

38. When she drinks ayahuasca tea, she feels the effect of DMT, the active psychotropic ingredient, but she drinks it only for sacramental purposes.

*Plaintiff's Application for Employment with DHS*

39. Ms. Reis applied for a position as a CBP Officer for Defendant DHS, GS-1895-07, Announcement Number CBPO 19-1, on or about October 22, 2018.

40. On December 4, 2018, the Agency sent a tentative offer of employment as a CBP officer, Grade 7 to Ms. Reis.

41. The position is one in the competitive service.

42. After receiving the tentative offer, and to become employed with the Agency as a CBP officer, Ms. Reis was required to complete a pre-employment process consisting of a medical exam, fitness exam, drug test, structured interview, polygraph exam, and background investigation.

43. Ms. Reis successfully completed the medical exam, fitness exam, and structured interview portions of the process.

### *Defendant's Discrimination Against Plaintiff*

44. As part of the pre-employment process, Ms. Reis underwent a polygraph exam on March 30, 2021.

45. Ms. Reis was asked several questions about drug use during the exam.

46. When the polygraph examiner asked her about use of psychoactive substances, she disclosed her membership in the UDV and explained her religious use of ayahuasca.

47. The polygraph examiner asked extensive questions about her religion, all of which she answered fully, and later, he told her she was doing well and that there would be a break for lunch.

48. During the break, the polygraph examiner contacted the On-Call Adjudicator with the Personnel Security Division (PSD) of CBP to discuss Ms. Reis's admissions about her religion.

49. The PSD Adjudicator told the polygraph examiner that the admission to recent drug use disqualified Ms. Reis.

50. After the break, the polygraph examiner terminated the examination.

51. The polygraph examiner also told Ms. Reis that an investigation would be conducted and another exam could be scheduled in the future.

52. At this time, Ms. Reis executed a voluntary written statement for the report of the exam, which explained, that she was a "member of the Uniao do Vegetal (UDV) in Boca Raton, FL[,]" that her church imports the ayahuasca from Brazil, and that she drinks the tea only at church services and "for spiritual purposes only."

53. Ms. Reis also included a link to the UDV website in her statement.

54. According to Wendy Rohleder, Supervisory Human Resources Specialist for Defendant DHS, a final decision against accepting Ms. Reis was made on April 1, 2021.

55. Ms. Reis was notified by email on April 5, 2021, that the tentative offer of employment as a CBP officer was being withdrawn.

56. The correspondence stated that her tentative offer was withdrawn because the OPR deemed her unsuitable for the position of CBP officer pursuant to 5 C.F.R. Part 731.

57. DHS maintains a policy providing that anyone who uses a substance classified as a Schedule I drug under the Controlled Substances Act within three years of submitting an application is thereby disqualified from employment.

58. According to Scott Stevens, Director of the Office of Professional Responsibility (OPS) and Credibility Assessment Division (CAD) for Defendant's CBP subagency the polygraph examination for Ms. Reis was terminated because her admission to recent use of DMT was deemed disqualifying, even though she explained it was used for religious purposes.

59. DHS maintains a policy providing that anyone who uses a substance classified as a Schedule I drug under the Controlled Substances Act within the three years preceding the submission of an employment application is thereby disqualified from employment.

60. According to Jeannine Hamilton, Director of Personnel Security for Defendant's CBP subagency, the job offer to Ms. Reis was withdrawn and she was deemed unsuitable because of her use of DMT, despite the fact that Ms. Reis explained the use was only for religious purposes.

## COUNT I

**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
*Disparate Treatment Discrimination Because of Religion*

61. Plaintiff hereby incorporates all preceding paragraphs set forth above as if set forth here in their entirety.

10

62. Plaintiff's adherence to the precepts of the UDV Church, including the regular consumption of sacramental ayahuasca tea, constitutes a bona fide religious belief and practice protected by Title VII of the Civil Rights Act of 1964.

63. Plaintiff informed Defendant of her bona fide religious belief and practice, including the facts that she only used of ayahuasca tea for the purpose of practicing her faith as a member of the UDV Church and that the U.S. Supreme Court had recognized this religious practice as lawful.

64. Defendant withdrew an offer of employment to Plaintiff and refused to consider her for employment because of her religious belief and practice, and/or because it wanted to avoid providing her with reasonable religious accommodation.

65. The above-pled conduct by Defendant constitutes religious discrimination in violation of Title VII of the Civil Rights Act of 1964.

66. Defendant acted in bad faith and in willful and wanton disregard for Plaintiff's federally protected rights.

67. As a result of Defendant's discriminatory conduct, Plaintiff has suffered lost wages and other economic benefits of employment, emotional distress, inconvenience, humiliation, and other indignities.

68. Pursuant to Title VII, Plaintiff is entitled to damages in an amount to be determined by a jury, including lost wages and economic benefits of employment, non-economic compensatory damages, punitive damages.

69. Plaintiff is also entitled to equitable relief including reinstatement or front pay in lieu of reinstatement, as well as attorney's fees and costs of litigation.

## COUNT II

### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
*Failure to Make Reasonable Religious Accommodation*

70. Plaintiff hereby incorporates all preceding paragraphs set forth above as if set forth here in their entirety.

71. Plaintiff's consumption of sacramental ayahuasca tea in accordance with the teaching of the UDV Church of which she is a member constitutes a bona fide religious belief and practice protected by Title VII of the Civil Rights Act of 1964.

72. Plaintiff's aforementioned religious belief and practice conflicts with Defendant's policy against employing anyone who has a used a substance classified as a Schedule I drug under the Controlled Substance Act within the three years preceding an application and Defendant's application of suitability criteria under 5 C.F.R. § 731.201-03.

73. Plaintiff informed Defendant of her bona fide religious belief and practice, including the facts that she only used of ayahuasca tea for the purpose of practicing her faith as a member of the UDV Church and that the U.S. Supreme Court had recognized this religious practice as lawful.

74. Defendant failed or refused to make good faith efforts to provide reasonable religious accommodation to Plaintiff, including but not limited to, offering to exempt Plaintiff the application of any policies and/or suitability criteria under 5 C.F.R. § 731.201-03 which would result in automatic disqualification by reason of her use of sacramental ayahuasca tea.

75. Defendant failed to offer any religious accommodation at all, including but not limited to recognizing that, because Ms. Reis' use of sacramental ayahuasca tea is for a religious purpose exempted from the provisions of the Controlled Substances Act, *Gonzalez*, 546 U.S. 418, it does not constitute "illegal use of narcotics, drugs, or other controlled substances without evidence of substantial rehabilitation" under 5 C.F.R. § 731.202.

76. Defendant failed to engage in any interactive process with Plaintiff regarding the conflict between her religious belief and practice and any of Defendant's policies or requirements.

77. Recognizing that Plaintiff's sacramental use of ayahuasca tea is not illegal or otherwise permitting her to continue practicing her religion while in Defendant's employ would not have imposed any substantial increased costs or other undue hardship for the Defendant.

78. The above-pled conduct by Defendant constitutes failure to make reasonable religious accommodation in violation of Title VII of the Civil Rights Act of 1964.

79. Defendant acted in bad faith and in willful and wanton disregard for Plaintiff's federally protected rights.

80. As a result of Defendant's discriminatory conduct, Plaintiff has suffered lost wages and other economic benefits of employment, emotional distress, inconvenience, humiliation, and other indignities.

81. Pursuant to Title VII, Plaintiff is entitled to damages in an amount to be determined by a jury, including lost wages and economic benefits of employment, non-economic compensatory damages, punitive damages.

82. Plaintiff is also entitled to equitable relief including reinstatement or front pay in lieu of reinstatement, as well as attorney's fees and costs of litigation.

## COUNT III

**ADMINISTRATIVE PROCEDURES ACT**
*Agency Action Not in Accordance with Law and
Contrary to Constitutional Right, Power, Privilege, or Immunity*

83. Plaintiff hereby incorporates all preceding paragraphs set forth above as if set forth here in their entirety.

84. Defendant is subject to the APA.

85. The APA requires that courts "hold unlawful and set aside agency action, findings, and conclusions" which are "not in accordance with law," "contrary to constitutional right, power, privilege, or immunity," or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(A), (B), (C).

86. Through authority granted to the Office of Personnel Management pursuant to 5 U.S.C. § 1302 and delegated by it to DHS through 5 C.F.R. § 731.103(a), Defendant makes suitability determinations and takes suitability actions as to applicants and candidates for employment by applying the factors enumerated in 5 C.F.R. § 731.201-03.

87. By refusing to recognize that Plaintiff's bona fide religious belief and practice of consuming sacramental ayahuasca tea as a member of the UDV Church is not unlawful and concluding that Plaintiff is unsuitable for employment with Defendant and disqualifying her from consideration for the same, Defendant's actions pled above were "not in accordance with law," including but not limited to Title VII of the Civil Rights Act of 1964 and the First Amendment to the Constitution of the United States, in violation of 5 U.S.C. § 706(2)(A).

88. By refusing to recognize that Plaintiff's bona fide religious belief and practice of consuming sacramental ayahuasca tea as a member of the UDV Church is not unlawful and concluding that Plaintiff is unsuitable for employment with

Defendant and disqualifying her from consideration for the same, Defendant's actions pled above were "contrary to constitutional right, power, privilege, or immunity," including but not limited to Plaintiff's right to free exercise of religion under the First Amendment to the Constitution of the United States, violation of 5 U.S.C. § 706(2)(B).

89. For the foregoing reasons and others, Defendant's actions pled above were "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," in violation of 5 U.S.C. § 706(2)(C).

90. By refusing to recognize that Plaintiff's bona fide religious belief and practice of consuming sacramental ayahuasca tea as a member of the UDV Church is not unlawful and failing or refusing to consider whether so recognizing or any other possible alternative was possible except concluding that Plaintiff is unsuitable for employment with Defendant and disqualifying her from consideration for the same, Defendant's actions pled above were without observance of procedure required by law, namely the interactive process required by Title VII of the Civil Rights Act of 1964.

91. For all the foregoing reasons, Defendant's decision to withdraw the offer of employment to Plaintiff and refuse to consider her for employment must be held unlawful and set aside.

## COUNT IV

**FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION**
*Unlawful Abridgment of the Right to Free Exercise of Religion*

92.     Plaintiff hereby incorporates all preceding paragraphs set forth above as if set forth here in their entirety.

93.     The First Amendment to the United States Constitution guarantees that the government "shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const. amend. I.

94.     Under 5 C.F.R. § 731.201-03, Defendant enjoys the discretion to determine whether Ms. Reis was or is unsuitable or unfit for employment based on drug use, including whether an agency policy or application of the suitability criteria which does not recognize the lawfulness of Plaintiff's sacramental use of ayahuasca tea as part of her bona religion belief and practice are job-related and consistent with business necessity, and including whether refusing to recognize the lawfulness of Plaintiff's use of sacramental ayahuasca tea as part her bona fide religious belief and practice will promote the integrity or promote the efficiency of the service.

95.     Plaintiff's bona fide religious belief and practice of consuming sacramental ayahuasca tea as part of the religious worship of church posed for her a religious hardship if she were to comply strictly with any policy or application of suitability criteria under 5 C.F.R. § 731.201-03 regarding use of a substance containing an illegal drug.

17

96. In applying any of its policies and/or the suitability criteria of 5 C.F.R. § 731.201-03 to deem Plaintiff unsuitable for employment, withdraw the offer of employment made to her, and refuse to consider her for employment, all while knowing that her use of sacramental ayahuasca tea was for lawful religious purposes, Defendant refused to extend an exemption or exception to its policy or application of 5 C.F.R. § 731.201-03 to Plaintiff's situation of religious hardship without compelling reason.

97. In permitting certain applicants who have used controlled substances longer than three years before they apply to work for Defendant and not deeming such drug use disqualifying or unsuitable under 5 C.F.R. § 731.201-03, Defendant allows or exempts other behavior implicating the same purported interests that supposedly justified the withdrawal of the offer of employment to Plaintiff and refusing to consider her for employment.

98. By undertaking the above-pled actions for the foregoing reasons, Defendant violated Plaintiff's right to free exercise of religion under the First Amendment to the United States Constitution.

99. As direct and proximate results of the actions of Defendant, Plaintiff has suffered and continues to suffer from the deprivation of her constitutional right to freely exercise her religion without punishment, penalty, or disadvantage as compared with other federal employees and applicants for federal employment.

100. Plaintiff seeks equitable and injunctive relief in the form of reinstatement to the position she was offered by Defendant, as well as recognition by Defendant that her use of sacramental ayahuasca tea is not illegal and any necessary or appropriate modification of Defendant's policies or application of laws, rules, regulations, including but not limited to 5 C.F.R. § 731.201-03.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff pray that this Court take jurisdiction of this matter, honor her demand for a jury trial, and grant the following relief against Defendants:

A.  A declaration that DHS violated Title VII, the Administrative Procedures Act, and the First Amendment to the U.S. Constitution;

B.  An award of economic damages, including lost wages and benefits, for Defendant's violation of Title VII;

C.  An award of non-economic damages for pain and suffering, including emotional distress, for the violations of Title VII by Defendant;

D.  An award of pre-judgment and post-judgment interest to Plaintiff;

E.  Equitable and injunctive relief in the form of reinstatement or front pay in lieu of reinstatement for Plaintiff or front pay in lieu thereof

F.  An award of attorney's fees and costs to Plaintiff; and

G.  Such other and further relief as this Court deems just and proper.

Respectfully submitted this 29th day of July, 2024.

**GILBERT
EMPLOYMENT LAW, P.C.**

*/s/ Gary Gilbert*
Gary M. Gilbert, Esq.
Florida Bar No. 472026
gary@ggilbertlaw.com
*Kevin L. Owen, Esq.
Maryland Bar No. 0512150020
Oregon Bar No. 240687
8403 Colesville Rd, Suite 1000
Silver Spring, MD 20910
Tel: (301) 608-0880
Fax: (301) 608-0881

**BEAL, SUTHERLAND,
BERLIN & BROWN, LLC**

*/s/ Brian J. Sutherland*
*Brian J. Sutherland
Georgia Bar No. 105408
brian@beal.law
2200 Century Parkway NE
Suite 100
Atlanta, GA 30345
Tel: (678) 449-0361
Fax: (678) 449-0361

*application for admission
pro hac vice forthcoming*

20