**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 25-80943-CIV-CANNON**

**JULIANA REIS**,

Plaintiff,

v.

**KRISTI L. NOEM**,

Defendant.
____________________________________/

**ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDANT'S MOTION TO DISMISS**

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim (the "Motion") [ECF No. 15]. Plaintiff filed a Response in Opposition (the "Response") [ECF No. 16], and Defendant filed a Reply (the "Reply") [ECF No. 17]. Following review, Defendant's Motion is **GRANTED IN PART AND DENIED IN PART** in accordance with this Order. Count III (Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(a)–(c)) and Count IV (Violation of the Free Exercise Clause – First Amendment) are dismissed with prejudice. Counts I (Disparate Treatment (Religion) – Title VII) and II (Failure to Make Reasonable Religious Accommodation – Title VII) may proceed to discovery. Defendant shall answer the Complaint as narrowed by this Order on **September 15**, **2026**.

**BACKGROUND**

Plaintiff Juliana Reis, a Brazilian-American citizen and member of the Christian Spiritist denomination known as the União do Vegetal ("UDV"), filed the operative Amended Complaint against Defendant Department of Homeland Security alleging religious discrimination in violation

of Title VII of the Civil Rights Act of 1964, the Administrative Procedure Act, and the First Amendment [ECF No. 11].[1] The UDV practices the sacramental consumption of ayahuasca tea, which contains dimethyltryptamine ("DMT"), a hallucinogen regulated under Schedule I of the Controlled Substances Act ("CSA") [ECF No. 11 ¶¶ 30–33]. No party disputes that, under Supreme Court precedent, any effort to prosecute or prohibit the UDV's religious use of ayahuasca is subject to a showing of a compelling interest under Religious Freedom Restoration Act of 1993. *See Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 439 (2006) (affirming grant of preliminary injunction in favor of UDV, where despite ayahuasca being listed on the Controlled Substances Act, government failed to demonstrate a compelling interest in barring the UDV's sacramental use of ayahuasca).

Reis applied for the position of Customs and Border Protection Officer ("CBPO") on October 22, 2018, and received a tentative offer of employment on December 4, 2018, contingent upon successful completion of a pre-employment process including a polygraph examination and background investigation [ECF No. 11 ¶¶ 39–42]. During a March 30, 2021, polygraph examination, the examiner asked Reis about psychoactive substance use, and she candidly disclosed her biweekly sacramental consumption of ayahuasca as a UDV member [ECF No. 11 ¶¶ 44–46]. The examiner contacted the On-Call Adjudicator with the Personnel Security Division, who opined that Reis's admission to "recent illegal drug use" was disqualifying [ECF No. 11 ¶¶ 48–49; ECF No. 15-6 (polygraph examination summary)]. The examiner terminated the polygraph, and Reis provided a voluntary written statement explaining that her religious practice "is not an illegal drug but a religious tool" [ECF No. 11 ¶¶ 50–53; ECF No. 15-4].

[1] Plaintiff filed an initial Complaint which the Court dismissed on shotgun pleading grounds [ECF Nos. 1, 8].

On April 5, 2021, CBP notified Reis that it was withdrawing the tentative offer because the Office of Professional Responsibility deemed her unsuitable pursuant to 5 C.F.R. Part 731 [ECF No. 11 ¶¶ 55–56; ECF No. 15-5]. The notification did not reference a security clearance denial, a national security determination, or the 45-day deadline for contacting an EEO Counselor [ECF No. 15-5]. Reis, who had never been a federal employee, submitted a Freedom of Information Act ("FOIA") request on April 15, 2021, seeking records related to her application for employment with DHS [ECF No. 11 ¶ 14]. She received the responsive records on September 2, 2021, learning for the first time that her religious practice was the basis for the disqualification, and learning also that she had 45 days to make contact with an EEO Counselor to initiate a complaint and investigation [ECF No. 11 ¶¶ 17–19]. She contacted an EEO Counselor on September 21, 2021—nineteen days later [ECF No. 11 ¶ 20]—and filed a complaint of discrimination against DHS on November 8, 2021 [ECF No. 11 ¶ 23]. By letter dated February 28, 2022, DHS accepted her complaint for processing and began investigating [ECF No. 11 ¶ 24; ECF No. 11-1]. DHS issued a Final Agency Decision on September 7, 2022, concluding that Reis "failed to prove that CBP discriminated against" her [ECF No. 15-9].

Reis appealed to the Equal Employment Opportunity Commission ("EEOC") on October 7, 2022 [ECF No. 11 ¶ 27]. The EEOC affirmed the Final Agency Decision, concluding that Reis's EEO Counselor contact was untimely because she "did or should have suspected discrimination at the time the job offer was withdrawn" on April 5, 2021—some 169 days before her September 21, 2021, EEO contact [ECF No. 15-10 pp. 4–5]. The EEOC further concluded that the agency did not waive its timeliness argument because, "where there has been no finding of discrimination by the Commission or the Agency, waiver of this procedural basis for dismissal is inappropriate" [ECF No. 15-10 p. 5].

Reis filed her initial Complaint in this Court on July 29, 2025, and then filed the Amended Complaint on August 5, 2025 [ECF Nos. 1, 11]. The Amended Complaint contains four claims: Count I alleges a violation of Title VII's prohibition against religious discrimination in federal employment, 42 U.S.C. § 2000e-16(a), based on Defendant's withdrawal of Reis's tentative offer of employment because of her religious practice of consuming sacramental ayahuasca [ECF No. 11 ¶¶ 61–69]. Count II alleges a violation of Title VII's reasonable-accommodation requirement, 42 U.S.C. §§ 2000e(j), 2000e-16(a), based on Defendant's alleged failure to accommodate the conflict between Reis's religious practice and CBP's drug-use policy and suitability criteria [ECF No. 11 ¶¶ 70–82]. Count III alleges a violation of the Administrative Procedure Act, 5 U.S.C. § 706(2), based on the same alleged refusal to recognize the lawfulness of Reis's sacramental ayahuasca use and resulting disqualification. And Count IV sues under the Free Exercise Clause of the First Amendment, again relying on the same conduct as does Count III [ECF No. 11 ¶¶ 83–100].

On November 17, 2025, Defendant filed the instant Motion [ECF No. 15], arguing that the Court lacks subject matter jurisdiction under the Supreme Court's decision in *Department of Navy v. Egan*, 484 U.S. 518 (1988); that Reis failed to timely exhaust administrative remedies; and that she fails to state a claim on all counts. The Motion is ripe for adjudication [ECF Nos. 16–17].

## LEGAL STANDARDS

### Rule 12(b)(1) – Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). If a defendant raises lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of establishing that jurisdiction exists. *Id.*

"A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). A so-called "facial attack" on the complaint, as we have here [ECF No. 15], "'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta—Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (alterations adopted) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525 (11th Cir. 1990)). "Factual attacks," on the other hand, serve to "challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered." *Id.* (quotation omitted); *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003).

**Rule 12(b)(6) – Failure to State a Claim**

Rule 8(a)(2) requires complaints to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal under Rule 12(b)(6), a complaint must allege facts that, if accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 12(b)(6). A claim for relief is plausible if the complaint contains factual allegations that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). When considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the

complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)).

**DISCUSSION**

The Motion raises three categories of arguments: (1) the Court lacks subject matter jurisdiction under the *Egan* doctrine, which generally precludes the judiciary from reviewing security-clearance decisions; (2) Reis failed to timely exhaust her administrative remedies as delineated in the applicable pre-complaint processing regulation in 29 C.F.R. § 1614.105(a); and (3) the Amended Complaint fails to state a claim as to all four Counts. The Court addresses these arguments in the order presented.

**A. CBP's suitability determination is not the type of judgment shielded from judicial review by *Egan*.**

Defendant's threshold argument—that *Department of Navy v. Egan*, 484 U.S. 518 (1988), bars all judicial review of Reis's claims—fails because CBP's action was a suitability determination, not a security clearance decision or an analogous predictive national security judgment. In *Egan*, the Supreme Court addressed the "narrow question" of whether the Merit Systems Protection Board could "review the substance of an underlying decision to deny or revoke a security clearance." 484 U.S. at 520. In that case, Egan worked for the Navy in a position that required security clearance because the work could involve access to classified information. *Id.* at 520–21 & n.1. After the Navy denied that clearance, Egan could no longer remain in the position. *Id.* at 522. He thereafter challenged his removal before the Merit Systems Protection Board, raising the question of whether the Board could look behind the clearance denial and review the substance of the Navy's security judgment. *Id.* at 520, 522–26. The Supreme Court held that the Board could not review the underlying security clearance determination when reviewing Egan's removal. *Id.* at 526–30. The Court emphasized that security clearance determinations involve "an attempt

to predict [a candidate's] possible future behavior and to assess whether, under compulsion of circumstances or for other reasons, he might compromise sensitive information," and that such "predictive judgments" must be left to "those with the necessary expertise in protecting classified information." *Id*. at 528–29.

The allegations presented in the Amended Complaint, accepted as true, do not show the type of national-security or classification determination that *Egan* places beyond judicial review. CBP's April 5, 2021, notice withdrawing Reis's tentative offer of employment (the "Withdrawal Notice") cited only 5 C.F.R. Part 731 suitability—not a security-clearance denial or any executive order establishing a "security program" or other classification determination [ECF No. 15-5]. Further, nothing in the allegations shows that CBP made a predictive judgment about whether Reis might compromise classified information. Rather, Plaintiff alleges that CBP applied a blanket policy disqualifying anyone who used a Schedule I substance within three years of application [ECF No. 11 ¶¶ 57, 59; ECF No. 15-6; 15-9]. That does not appear to be the "sensitive and inherently discretionary judgment call" that *Egan* shields from review. *See Corbett v. Napolitano*, 897 F. Supp. 2d 96, 117–18 (E.D.N.Y. 2012) (denying dismissal of a CBP officer's Title VII claims where there "is no evidence in the record that the CBP considered national security or plaintiff's ability to obtain a security clearance as a basis for plaintiff's termination"); *Jones v. Ashcroft*, 321 F. Supp. 2d 1, 8 (D.D.C. 2004) (same, regarding FBI suitability determination).

Defendant's reliance on *Kaplan v. Conyers*, 733 F.3d 1148 (Fed. Cir. 2013), likewise does not require a different result [ECF No. 15 pp. 10–11]. That case involved a predictive judgment as to an individual's potential to compromise national security interests. *Id.* at 1157. And unlike the genuine predictive judgment at issue in *Kaplan*, CBP's action was the alleged categorical application of a blanket drug-use policy, not a discretionary national-security assessment. *Id.* The

Court therefore declines to use *Egan* as a reason to dismiss or bar all of Plaintiff's claims.

**B. Title VII Provides the exclusive remedy for federal employees suing for employment discrimination, barring Counts III and IV**.

Because Title VII remains available to remedy the alleged employment discrimination, it is Reis's exclusive remedy and precludes her duplicative APA (Count III) and First Amendment (Count IV) claims. Federal employees and applicants may pursue claims against federal employers for employment discrimination based on race, color, religion, sex, or national origin only through Title VII of the Civil Rights Act of 1964. *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976) (noting that Title VII of the Civil Rights Act of 1964 "provides the exclusive judicial remedy for claims of discrimination in federal employment"); *Canino v. EEOC*, 707 F.2d 468, 472 (11th Cir. 1983) (same). Title VII thus bars other causes of action—including constitutional claims and APA claims—seeking to redress the same discriminatory employment actions. *See Brown*, 425 U.S. at 835. Here, Reis's APA and First Amendment claims stem from the same factual allegations as her Title VII claims. Plaintiff effectively concedes the point, arguing that she should be "permitted to raise her constitutional challenges" only if *Egan* bars her Title VII claims [ECF No. 16 p. 12 ("Either *Egan* does not bar [Plaintiff's] Title VII claims and she is limited to them, or *Egan* applies to her Title VII claims and she must therefore be permitted to raise her constitutional challenges.")]. Because the Court rejects that premise, Title VII's exclusivity requires dismissal of those duplicative claims. Counts III and IV are dismissed with prejudice.

**C. Counts I and II are not barred by the 45-day EEO Counselor contact requirement in 29 C.F.R. § 1614.105(a)**.

Defendant next argues that Reis's Title VII claims—disparate treatment (Count I) and failure to accommodate (Count II), both based on religious discrimination theories—are time-

barred because she did not contact an EEO Counselor within the 45-day period prescribed by 29 C.F.R. § 1614.105(a)(1) [ECF No. 15 pp. 12–17].

Before filing a complaint of discrimination against a federal employer based on, among other things, religion, an aggrieved person must satisfy the preconditions set forth in 29 C.F.R. § 1614.105(a). As relevant here, subsection (a)(1) requires that the person "initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). However, subsection (a)(2) provides that "[t]he agency or the Commission shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them." 29 C.F.R. § 1614.105(a)(2). "Notice may be constructive, so long as it is reasonably geared to inform the employee of the time limit." *Howard v. Henderson*, 112 F. Supp. 2d 1276, 1285 (M.D. Ala. 2000); *see Hunt v. Ashcroft*, 2005 WL 927352, at *3 (N.D. Fla. Mar. 30, 2005) ("[Constructive] notice is to be gauged by an objective standard, and it is thus not sufficient for a complainant merely to show that he was subjectively unaware of the deadlines and complaint procedures, so long as a reasonable person in his circumstances would have been aware.").

The relevant timeline is straightforward. CBP withdrew Reis's offer on April 5, 2021, without notifying her of the 45-day deadline [ECF No. 11 ¶¶ 12–13]. Reis did not contact an EEO Counselor within 45 days of that date within the meaning of 29 C.F.R. § 1614.105(a)(1)—so the question becomes whether Plaintiff had notice of the time limit sufficient to trigger the extension provision in 29 C.F.R. § 1614.105(a)(2). On that issue, the record shows that Reis submitted a FOIA request on April 15, 2021, seeking her polygraph report and other records related to her employment application [ECF No. 11 ¶ 14; ECF No. 15 p. 4]. DHS produced the records on

September 2, 2021, which included the polygraph report, and revealed that CBP had treated her sacramental ayahuasca use as disqualifying [ECF No. 11 ¶¶ 17–18]. According to Reis, that is the first time she learned that CBP elected not to finalize her application due to her sacramental use of ayahuasca. Reis further alleges that, after receiving the FOIA response, she learned of the 45-day EEO Counselor requirement and thereafter proceeded to contact an EEO Counselor on September 21, 2021, nineteen days after receiving the polygraph report [ECF No. 11 ¶¶ 19–20].

After fully considering the parties' arguments, the Court determines that Counts I and II (the remaining claims) are not time-barred under the 45-day deadline in 29 C.F.R. § 1614.105(a). Defendant argues that a hyperlink to the EEO policy on page 15 of the CBPO job announcement put Reis on constructive notice of the 45-day deadline [ECF No. 15 pp. 15–16; ECF No. 15-1 p. 15].[2] On this record, the Court disagrees. Nothing on the face of the CBPO job posting references the 45-day limit, discusses a dispute resolution process, or otherwise signals anything related to contacting an EEO Counsel to report discrimination. There is a hyperlink at the bottom of page 15 labeled "Equal Employment Opportunity (EEO) Policy," which is placed alongside several other links to government policies and guidance documents under a heading titled "Fair & Transparent" [ECF No. 15 pp. 15–16; ECF No. 15-1 p. 15]. But that link redirects the user to a USAJOBS Help Center website and then to a general "How to" page containing guidance on matters such as USAJOBS accounts, job announcements, applications, resumes, documents, and job searches. There is nothing on this page that reasonably identifies or flags an EEO complaint process, directs an applicant to contact an EEO Counselor, or states a 45-day deadline. Taking all of these facts together, Plaintiff has shown that she lacked notice of the time limit and was not

[2] Defendant's Motion does not dispute Plaintiff's assertion that Plaintiff did not have actual knowledge of the 45-day deadline [ECF No. 11 ¶¶ 10–13; ECF No. 15 p. 15].

otherwise aware of it. The job posting does not show otherwise, for all of the reasons stated. Hence, Plaintiff's claims are not time-barred under 29 C.F.R. § 1614.105(a)(2).[3]

**D. Plaintiff states a plausible disparate treatment claim in Count I because the absence of a comparator is not fatal at this stage, and the "illegal drug use" rationale is undeveloped at this stage**.

Defendant's two arguments for dismissal of Count I—that Reis cannot identify a similarly situated comparator and that CBP's bar on recent illegal drug use provides a legitimate, non-discriminatory reason for the Withdrawal Notice [ECF No. 15 pp. 17–18]—both fail at this stage of the proceedings.

Defendant's insistence on a comparator at the pleading stage misstates the law. *See Tynes v. Fla. Dep't of Juvenile Justice*, 88 F.4th 939, 946 n.2 (11th Cir. 2023) (reiterating that a plaintiff's failure to produce a comparator—even at summary judgment or trial—"does not necessarily doom the plaintiff's case" and recognizing that the convincing mosaic standard can be of particular significance where a plaintiff cannot identify a comparator); *see also McCrae v. Emory Univ.*, No. 22-CV-3401, 2023 WL 6217372, at *9 (N.D. Ga. May 24, 2023), *report and recommendation adopted*, No. 22-CV-3401, 2023 WL 6217376 (N.D. Ga. July 12, 2023) (citing cases for the proposition that "the Eleventh Circuit has said that a failure to identify a comparator is not necessarily fatal to a Title VII case—particularly at the motion to dismiss stage"); *Collins v. Carr*, No. 22-CV-04392, 2023 WL 11795599, at *4 (N.D. Ga. Sept. 15, 2023) ("When a Plaintiff cannot point to a specific comparator or otherwise provide facts to show direct evidence of discrimination, there is an alternative standard which allows a plaintiff to present a 'convincing mosaic' to show

[3] Because the Court concludes that Reis's claims are not time-barred under 29 C.F.R. § 1614.105(a)(2), the Court need not reach her alternative argument that DHS waived its timeliness objection by failing to dismiss her administrative complaint as untimely or by stating in its February 28, 2022 Acknowledgment Letter that the applicable time period was "tolled and considered timely filed" [ECF No. 11-1 p. 2 n.2; ECF No. 16 pp. 12–14].

discriminatory intent.”).

Defendant also argues that its drug-use policy constitutes a legitimate, non-discriminatory reason for the Withdrawal Notice because 5 C.F.R. § 731.202(b)(6) authorizes disqualification for “illegal use of narcotics, drugs, or other controlled substances, without evidence of rehabilitation.” 5 C.F.R. § 731.202(b)(6). Without a more developed factual record, the Court does not see this argument as a reason to dismiss Plaintiff’s remaining claims (Counts I and II). That regulation authorizes disqualification for “illegal use of narcotics, drugs, or other controlled substances, without evidence of rehabilitation.” *Id.* Because classifying Reis’s sacramental ayahuasca use as per se “illegal” raises tension with *Gonzalez*, 546 U.S. at 439, not sufficiently addressed by Defendant, and because Defendant offers no other argument to buttress its theory on this point, the Court declines to dismiss these claims on the pleadings. Reis has plausibly alleged a disparate treatment claim. *Bailey v. Metro Ambulance Servs., Inc.*, 992 F.3d 1265, 1275 (11th Cir. 2021). Defendant can revisit this argument at the summary judgment stage with evidence.

**E. Defendant’s generalized safety assertions fail to establish undue hardship at the pleading stage**.

To establish a prima facie case for failure to accommodate under Title VII, Reis must demonstrate that (1) her “sincere and bona fide religious belief conflicted with an employment requirement,” and (2) her “employer took adverse employment action” because of either an “inability to comply with an employment requirement” or “because of the employer’s perceived need for [her] reasonable accommodation.” *Bailey v. Metro Ambulance Servs., Inc.*, 992 F.3d 1265, 1275 (11th Cir. 2021). The burden then shifts to the employer to show it either offered a reasonable accommodation or cannot provide one without “undue hardship.” *Id*. Under *Groff v. DeJoy*, 600 U.S. 447, 468 (2023), undue hardship requires showing that the burden of accommodation would “result in substantial increased costs in relation to the conduct of [the

employer's] particular business." *Id*. at 470. This is a "fact-specific inquiry" determined on a case-by-case basis. *See id.* at 468.

Count II states a plausible claim for failure to make a reasonable accommodation under Title VII. Reis alleges that her sincere religious practice of consuming sacramental ayahuasca tea as a UDV member conflicted with CBP's blanket drug-use policy, that she informed CBP of this conflict and its lawful basis, and that CBP withdrew the offer without engaging in any interactive process or offering any accommodation whatsoever [ECF No. 11 ¶¶ 71–77]. The burden of demonstrating undue hardship therefore falls on Defendant. *See Groff*, 600 U.S. at 472 ("An employer who fails to provide an accommodation has a defense only if the hardship is 'undue.'"). Defendant offers only generalized assertions that accommodating Reis would create "safety or security" risks [ECF No. 15 p. 20]. Generalized assertions are not evidence of a "substantial" burden. *See id.* at 468. Whether an accommodation imposes undue hardship is a "fact-specific inquiry," *id.*, and courts generally decline to resolve it at the pleading stage. *See, e.g.*, *Staple v. Sch. Bd. of Broward Cnty.*, No. 21-11832, 2024 WL 3263357, at *3 (11th Cir. July 2, 2024) (reversing dismissal because "resolving the fact-intensive question whether the [employer's] leave requirements were reasonable accommodations would be premature" at the motion to dismiss stage). Moreover, it is undisputed that DHS did not engage in any interactive process with Reis or offer any accommodation [ECF No. 11 ¶¶ 74–76]. Count II survives, although Defendant can revisit this argument and any other argument as permitted by law on summary judgment, following discovery.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss [ECF No. 15] is **GRANTED** as to Counts III and IV.
2. Counts III and IV of Plaintiff's Amended Complaint [ECF No. 11] are **DISMISSED WITH PREJUDICE**.[4]
3. Defendant's Motion to Dismiss [ECF No. 15] is **DENIED** as to Counts I and II.
4. On or before **September 15**, **2026**, Defendant shall file an Answer to Counts I and II of the Amended Complaint.

**ORDERED** in Chambers at Fort Pierce, Florida, this 21st day of August 2026.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

[4] Any amendment of these claims would be futile because of the Title VII exclusivity principle referenced in this Order. *Supra* p. 9.